# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MONTICELLO INSURANCE COMPANY,

        **Plaintiff,**

-vs-                                  **Case No.  6:03-cv-1514-Orl-19KRS**

NATIONAL CASUALTY COMPANY,

        **Defendant.**

_____

## ORDER

This cause came on for consideration by the Court *sua sponte.*  The Amended Case Management and Scheduling Order required the parties to submit "**a single jointly-proposed set of jury instructions in the order of presentation to the jury**, together with a single jointly-proposed jury verdict form."  Doc. No. 20 at 9 ¶ 5.  Each party has filed separate jury instructions and separate verdict forms in direct contravention of the Amended Case Management and Scheduling Order.  Therefore, the separate jury instructions, doc. nos. 51 and 55, and the separate verdict forms, doc. nos. 51 and 56, are hereby **STRICKEN**.  The Clerk of Court is directed to delete these documents from the record.  It is **ORDERED** that the parties shall file one jointly-proposed set of jury instructions on or before June 8, 2005.  The jointly-proposed set of jury instructions shall be collated in the order in which they are to be read to the jury.  To the extent that the parties disagree on a proposed instruction, the proposed alternative instruction shall immediately follow the instruction to which there is an objection.  In addition, the proposed and

alternative instructions shall be similarly numbered, *e.g.* Jury Instruction 2A and Jury Instruction 2B.

It is further **ORDERED** that the parties shall file one jointly-proposed verdict form on or before June 8, 2005.

The Amended Case Management and Scheduling Order also permits the parties to file " a single list of jointly-proposed questions for the Court to ask the venire during voir dire." Doc. No. 20 at 9 ¶ 5.  Once again, the parties disregarded the requirements of this Order and filed separate sets of voir dire questions, doc. nos. 53 and 54.  Therefore, the separate proposed voir dire questions are **STRICKEN** and the Clerk of Court is directed to delete them from this file.  It is further **ORDERED** that the parties may file a single list of jointly-proposed voir dire questions on or before June 8, 2005.

Additionally, the Amended Case Management and Scheduling Order requires the parties to designate "*in the Joint Final Pretrial Statement* the pages and lines of each deposition (except where used solely for impeachment) to be published by the trier of fact . . . [and] a page-and-line description of any testimony that remains in dispute after an active and substantial effort at resolution, together with argument and authority for each party's position." Doc. No. 20 at 8 ¶ 4 (emphasis added).  The parties cannot extend this requirement by stipulation.  Accordingly, it is further **ORDERED** that if any party wishes to publish depositions at trial other than solely for impeachment, the parties shall proceed as follows:  the party shall designate the page-and-line description of the testimony and provide the designation to opposing counsel on or before the close of business on June 7, 2005.  Opposing counsel shall serve any requested supplemental page-and-

line designations on or before the close of business on June 8, 2005, and both parties shall serve

their objections to the page-and-line designations on or before the close of business on June 8,

2005.  Counsel shall file a supplement to the Joint Final Pretrial Statement setting forth the

required information regarding depositions on or before noon on June 9, 2005, which filing is

necessary for the Court to prepare for the Final Pretrial Conference to be held on June 10, 2005.

Failure to file the required supplement may result in the Court prohibiting the use of any non-

designated depositions at trial, except solely for impeachment.

      **DONE** and **ORDERED** in Orlando, Florida on June 7, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-3-